ANTHONY JACKSON *vs.* COMMONWEALTH. April 30, 1976. These are appeals to the full court by Jackson from the dismissal of two petitions filed by him in the county court. The petitions were referred by the court for hearing before a master. Jackson was indicted by the Suffolk County grand jury on April 11, 1973, for the alleged murder of one Ellen Ann Reich. On April 17, 1973, Jackson was arraigned and Mr. Jack Zalkind was appointed as counsel for him. On September 16, 1974, Mr. Zalkind withdrew from the matter with permission of the court. Mr. Albert L. Hutton, Jr., was appointed as Jackson's counsel on November 20, 1974, and was allowed to withdraw on January 16, 1975. Jackson petitioned for the appointment of Mr. Stephen M. Salon as his counsel. Thereafter, on January 16, 1975, Mr. Salon was appointed as Jackson's counsel. On May 30, 1975, Mr. Salon filed a motion to withdraw, alleging that insurmountable differences had arisen between Jackson and him. After a hearing, a judge of the Superior Court allowed Mr. Salon to withdraw as counsel and, after requesting Jackson to submit the names of attorneys to him for possible appointment, the judge appointed Mr. Joseph J. Balliro (whose name was not among those submitted by Jackson) to represent Jackson. Before the

master, appointed by this court, Jackson declined either to have counsel appointed or to sign a waiver of appointed counsel for the master's hearing. Accordingly, the master executed a certificate substantially in the form required by S.J.C. Rule 3:10, as amended, 355 Mass. 803 (1969), modified slightly to reflect in general terms Jackson's contention that he wanted counsel appointed but only as selected by him. The execution of the certificate was within the authority of the master under the order of reference to him. After hearing, the master found that the delay of three years since the offense appears from the court records to have been caused by proceedings initiated by (or in behalf of) Jackson and by his failure (a) to accept and work with assigned counsel, and (b) to keep those assigned willing to work with him. He found that the judges of the Superior Court, who have dealt with the case, at all times appear to have shown great care to protect Jackson's interests. He further concluded that the record reveals no abuse of discretion in the case by any judge of the Superior Court, and that permitting Mr. Salon to withdraw as counsel and the appointment of Mr. Balliro were well within the judge's sound discretion. See Rule 62 of the Superior Court (1974); *Commonwealth* v. *Scott,* 360 Mass. 695, 698-701 (1971). Thereafter, after hearing, a single justice confirmed the master's report, and reserved and reported the issues to the full court. Jackson appeared and argued pro se before the full court. The master's conclusions were fully warranted and his report was properly confirmed. We further conclude that appointment (and withdrawal) of counsel is within the sound discretion of the Superior Court judge, no abuse of which thus far has been shown. If Jackson will not accept appointed counsel, he must proceed promptly to trial without counsel. The Superior Court judge, within his discretion, is not required to compel Mr. Salon to serve (even if a retainer should be shown to have been paid to him by Jackson) in view, among other reasons, of Mr. Salon's present attitude in the matter. The Superior Court judge has broad discretion to appoint and order payment of Mr. Balliro or other counsel to represent or advise Jackson, to whatever extent he will accept representation, advice, and assistance, in an effort to ensure a fair, orderly and expeditious trial.

*Petitions dismissed.*

*Anthony Jackson,* pro se.
*John T. Gaffney,* Assistant District Attorney (*James M. McDonough,* Assistant District Attorney, with him) for the Commonwealth.